UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Waasohn Senite Dorliae, | Case No. 18-cv-2162 (JRT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge upon routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Waasohn Senite Dorliae's Application to Proceeds in Forma Pauperis, [Docket No. 2], as well as, Dorliae's Amended Application to Proceeds in Forma Pauperis. [Docket No. 6].

Plaintiff Waasohn Senite Dorliae is currently subject to civil involuntary commitment proceedings in the Minnesota State Courts. She brings this action attacking the validity of those proceedings and requesting a preliminary injunction prohibiting defendant the State of Minnesota from prosecuting the civil commitment. (See, Amended Compl. [Docket No. 3]). Dorliae did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. (IFP Application [Docket No. 2]; Amended IFP Application [Docket No. 6]). Dorliae's IFP applications are now before the Court, and they must be considered before any other action may be taken in this matter.

This Court concludes after reviewing the IFP application that Dorliae qualifies financially for IFP status. Nevertheless, the IFP application cannot be granted, as the case must be dismissed under the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).

1

"The Younger abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." Plouffe v. Ligon, 606 F.3d 890, 892 (8th Cir. 2010). Dorliae's claims for relief are not set forth with much detail in either her Complaint, [Docket No. 1], or her Amended Complaint. [Docket No. 3].[1] Dorliae makes clear, however, that the State of Minnesota is seeking to have her committed involuntarily, and she believes that her due process rights are being violated by the state during the course of those proceedings.

Such claims fall squarely within the scope of Younger. See, Sweeney v. Bartow, 612 F.3d 571 (7th Cir. 2010); Newsome v. Broward County Public Defenders, 304 Fed. App'x 814 (11th Cir. 2008); Cota v. Magnus, No. 16-cv-1823 (ADM/JSM), 2016 WL 4650573, at *3 (D. Minn. Aug. 17, 2016); Castiglia v. Blake, No. 4:07-cv-0295 (DJS), 2007 WL 4191983, at *2 (E.D. Mo. Nov. 21, 2007). First, as described by Dorliae in her pleadings, there is a civil commitment proceeding against her ongoing in state court; it is this proceeding in which Dorliae alleges her due process rights are being violated. Second, "this ongoing civil commitment proceeding implicates the State of Minnesota's important interests in detaining and apportioning medical care" to citizens believed to be a danger to themselves or others. See, Cota, 2016 WL 4650573, at *3; cf. Karsjens v. Piper, 845 F.3d 394, 409 (8th Cir. 2017) (identifying Minnesota's "legitimate interests" in civilly detaining individuals deemed dangerous). Third, there is no reason to believe that Dorliae will be unable to present any constitutional concerns she might

---

[1] In some respects, especially in her now-superseded original pleading, Dorliae seems to be attempting to raise claims based on the alleged failure of the state to prosecute individuals who have assaulted her. But a private party generally lacks standing to bring claims related to the refusal of the government to prosecute another individual. See, Gould v. Faver, 172 Fed. App'x 689, 689–90 (8th Cir. 2006) (per curiam) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 & n.6 (1973)). Dorliae at times also appears to be attempting to challenge an unidentified *criminal* conviction. If so, she may do so only in a petition for a writ of habeas corpus governed by 28 U.S.C. § 2254.

have during the course of those commitment proceedings. Minnesota state law provides procedural and substantive protections to individuals whom the state seeks to have committed, see, e.g., Minn. Stat. § 253B.08, and litigants may raise federal constitutional issues during those state proceedings. See, e.g., In re Linehan, 594 N.W.2d 867, 872–76 (Minn. 1999) (examining federal substantive due process claim).

Because the Court must abstain from adjudicating this matter pursuant to Younger, the present action should be dismissed without prejudice. See, Central Avenue News, Inc. v. City of Minot, N.D., 651 F.2d 565, 571 (8th Cir. 1981) (noting that the "better practice" when invoking Younger abstention is to dismiss without prejudice). Because Dorliae cannot be afforded relief at this time, her motion for a preliminary injunction should be denied. See, Mid-America Real Estate Co. v. Iowa Realty Co., Inc., 406 F.3d 969, 972 (8th Cir. 2005) ("[A]n injunction cannot issue if there is no chance of success on the merits."). And because this action cannot go forward, Dorliae's applications to proceed IFP will be denied.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Dorliae's Applications to Proceed *in forma pauperis*, [Docket Nos. 2, 6], be **DENIED**;

2. Dorliae's Motion for a Preliminary Injunction, [Docket No. 4], be **DENIED**; and

3. This matter be **DISMISSED without prejudice** pursuant to Younger v. Harris, 401 U.S. 37 (1971).

Dated: September 7, 2018              _s/ Leo I. Brisbois_____
                                      Leo I. Brisbois
                                      United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).